(No. 18934.—

THE DAYTON SCALE COMPANY, Plaintiff in Error, vs. THE GENERAL MARKET HOUSE COMPANY, Defendant in Error.

*Opinion filed June 19, 1929.*

GOLDMAN & SEEDER, for plaintiff in error.

RALPH ROSEN, (WILLIAM GREENE, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, the Dayton Scale Company, began suit in the municipal court of Chicago against defendant in error, the General Market House Company, to recover

the value of three pairs of scales and four meat-slicing machines, which were sold by plaintiff in error to Peter Golas under a conditional sales contract, and which property later came into the possession of defendant in error under claim of ownership. There was a trial by the court without a jury, judgment was rendered against defendant in error for $510, which was reversed by the Appellate Court for the First District and judgment was entered in that court in favor of defendant in error for costs. The case comes to this court upon a writ of *certiorari*.

Peter Golas was engaged in the meat and restaurant business in Chicago. On September 25, 1924, he gave a written order to plaintiff in error for two pairs of scales and two meat-grinders, for which he was to pay $690 in eighteen monthly payments, which were evidenced by installment notes. The order provided that the purchase price, less any payments thereon, should at the option of the seller immediately become due and payable upon the refusal of the buyer to accept the equipment when tendered, or to make any cash payment, or to execute the notes or make payment thereon. Upon default the seller was authorized to take immediate possession of the property and retain as rental for the use thereof any payments made thereon. The equipment was to remain the property of the seller until the price, or any judgment for it, was paid. On January 8, 1925, Golas gave another written order to plaintiff in error for one pair of scales and four slicing-machines, for which he was to pay $1290 in sixteen monthly installments. This order contained the same provisions as the first one. The goods were delivered to Golas and he made six payments of $90 each and defaulted in April, 1925. He began paying again in September, and the last payment was made in December, 1925. He claimed that he was "hard up" and that one of his customers went into bankruptcy owing him $1200. Plaintiff in error never took possession of the property, and in November, 1926, it came

into the possession of defendant in error under claim of ownership.

Plaintiff in error proved its contract, the default of Golas, the possession of the property by defendant in error, and its value at the time the latter obtained possession. Defendant in error offered to prove that on April 29, 1926, Golas executed a chattel mortgage to Morris Milstin on all of his goods, equipment and fixtures, including the property in question, which mortgage on the same day was filed for record; that Milstin foreclosed the mortgage, the property was sold by the bailiff of the municipal court, who executed a bill of sale for the same to Benjamin M. Schimelfarb on November 8, 1926; that on the same day Schimelfarb executed a bill of sale to Samuel J. Levee, on November 15, 1926, Levee executed a bill of sale to defendant in error for $7500, and that under the last bill of sale defendant in error claims to be the owner free of any claim of plaintiff in error. The trial court sustained an objection to all of this offer. The Appellate Court held that the trial court was in error in sustaining objection to this evidence. Section 23 of the Uniform Sales act (Smith's Stat. 1927, p. 2435,) provides that where goods are sold by a person who is not the owner thereof and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell. Under this section the evidence offered was competent as tending to prove that plaintiff in error by its conduct had precluded itself from denying the seller's authority to sell.

The Appellate Court held that the evidence offered was excluded on motion of plaintiff in error, and that the court had the right to assume that defendant in error would have made the proof which it offered to make; that plaintiff in error was in no position to object to this assumption for the reason that the error was chargeable to plaintiff in er-

ror's improper objection; that the effect of the objection went to the probative force of the evidence offered and was tantamount to a contention that such evidence constituted no defense to the action. The court held that plaintiff in error by its conduct lost title to the property, and defendant in error, being an innocent purchaser without notice of the claim of plaintiff in error, was entitled to a judgment; that a jury having been waived and the trial having been before the court, the Appellate Court had jurisdiction to enter the judgment which the trial court should have entered, the judgment of the municipal court was reversed and judgment was rendered in the Appellate Court in favor of defendant in error for costs.

When defendant in error offered in evidence the chattel mortgage and offered to prove the subsequent acts thereunder plaintiff in error objected, as it had a right to do. The trial court improperly sustained the objection. By this ruling the trial court excluded all evidence on the question whether or not plaintiff in error had precluded itself from denying the seller's authority to sell, which was the entire defense in the case. When the Appellate Court held that this evidence was improperly excluded it should have reversed the judgment and remanded the cause. If the evidence offered had been admitted by the trial court, plaintiff in error would then have had the right to offer any evidence in rebuttal which it might have had which tended to explain the alleged acts which it was claimed precluded it from recovering. When the objection was sustained all evidence on the main defense was not only excluded, but by the judgment of the Appellate Court plaintiff in error was barred of any right which it might have to recover. The evidence on which the Appellate Court based its judgment was not properly before that court and no opportunity had been given to the parties to introduce any and all evidence they might have on the point in dispute. Where a cause is tried by the court without a jury and all of the

evidence is in the record, the Appellate Court may reverse the judgment and enter such a judgment as the trial court should have entered on the evidence admitted. (*Manistee Lumber Co.* v. *Union Nat. Bank,* 143 Ill. 490.) But this rule only applies where all of the evidence is before the court and where the parties had the opportunity to present all of their evidence.

The judgments of the Appellate Court and of the trial court will be reversed and the cause remanded to the trial court.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*