Presbyterian Distribution Service, a Non-Profit Association for Distribution of Religious Literature, Appellant, v. Chicago National Bank, Successor Trustee Under Trust No. 10460, and William Farnsworth, an Individual Doing Business as Harold H. Egan & Company, Appellees.

Gen. No. 47,586.

First District, First Division.

March 23, 1959.

Rehearing denied April 30, 1959.

Released for publication May 13, 1959.

Yowell & Yowell, of Chicago, for plaintiff-appellant.

Harold A. Fein, of Chicago, for defendants-appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order entered by the Superior Court of Cook County awarding damages to the defendants on a suggestion of damages after the court had vacated an order for a temporary injunction previously entered.

This case grew out of a dispute between the Presbyterian Distribution Service, hereafter referred to as the plaintiff, as lessee, and the Chicago National Bank, Successor Trustee under Trust No. 10460, and William Farnsworth, an individual doing business as Harold H. Egan & Company, hereafter referred to as defend-

ants, as lessors. In its amended complaint the plaintiff alleges that the lease had terminated under its terms. The plaintiff further alleges that after such termination the defendants confessed judgment against the plaintiff in the Municipal Court of Chicago for the March, 1958 rent and threatened to confess judgments for subsequent months; and the plaintiff prays that the court enter a declaratory judgment that the lease had terminated and a judgment for sums paid as rent since the date of the termination, and order the issuance of an injunction restraining defendants from enforcing the said judgment by confession and from taking any other action pending the final action of the court. On May 9, 1958, on notice and after hearing the court entered a preliminary injunction restraining the defendants from enforcing the said Municipal Court judgment and from taking any other legal action outside of the present cause. The injunction order further provided that "for good cause being shown said plaintiff is excused from furnishing preliminary bond herein." On May 12, 1958 defendants filed their motion to vacate the order of May 9, 1958. In that motion they allege that paragraph 8, chapter 69, Illinois Revised Statutes, 1957, provides that before an injunction shall issue to enjoin a judgment the plaintiff shall give bond in double the amount conditioned for the payment of all moneys and costs due to the owner of the judgment, and such damages as may be awarded against the plaintiff in case the preliminary injunction is dissolved, and they also allege that the order of May 9th is in violation of the statute inasmuch as it provides that the plaintiff be excused from furnishing a preliminary bond. The cause was not at issue. No answer had been filed by the defendants, nor had the time for filing an answer expired.

The court on May 16, 1958 vacated its order of May 9, 1958 and ordered that the injunction writ

190

thereunder issued be declared void and of no effect. The cause was subsequently put at issue by the filing of an answer. On June 6th the defendants filed a motion for the assessment of damages sustained by them by reason of the order of the court for a preliminary injunction entered on May 9, 1958, and an affidavit of the defendants' attorney was attached thereto. In the motion as amended the defendants allege that the amount due is $673. At a hearing on the motion on June 24, 1958 the attorney for the defendants testified, and the court thereupon entered an order awarding judgment to the defendants in the amount of $673. This appeal is taken from that order.

The plaintiff here contends that the court lacked authority to award damages under the statute since the court in vacating its order of May 9th had not made a determination that the injunction had been wrongfully sued out; that the defendants had no right in equity to demand damages since at the hearing on May 9, 1958 with reference to the issuance of the injunction the defendants had failed to direct the court's attention to the statutory provisions making a bond mandatory where the execution of a judgment is restrained; and that the damages were not properly proved and were excessive.

We will consider the contention of the plaintiff that the defendants should have raised the question of the statutory mandate with reference to the necessity of a bond being filed before the court had any right to issue an injunction such as the one herein involved. Under our view of the case the resolution of this contention disposes of the case.

██ The defendants claim to be proceeding under section 12 of the Injunctions Act (Ill. Rev. Stat. 1957, chap. 69, par. 12), which provides that in all cases where an injunction is dissolved by the court, upon the party claiming damages suggesting, in

191

writing, the nature and amount thereof the court shall hear evidence and assess such damages as the nature of the case may require. As a rule a preliminary injunction will not be granted without notice. The purpose of the notice is to give the defendant an opportunity to oppose the application and to show, if he can, that an injunction should not issue. Schmidt v. Modern Woodmen of America, 261 Ill. App. 276, 283. In Puterbaugh's Chancery Pleading and Practice, 7th Ed., vol. 2, sec. 653, at p. 1314, it is said: "Upon the dissolution of a temporary injunction issued upon notice, the defendant ought not to be in a position, in a court of equity, to demand damages when he was at fault in not interposing such proper resistance as would probably have controlled judicial discretion in his favor." In 21 I. L. P. Injunctions, sec. 218, p. 764, it is said: "While a reasonable counsel fee should be allowed as damages on the dissolution of a preliminary injunction which is void for want of jurisdiction, counsel fees unnecessarily incurred to obtain dissolution of an injunction should not be allowed as damages." In 43 C. J. S. Injunctions, sec. 315(i), p. 1108, it is said: "The party against whom the injunction was wrongfully issued cannot recover for damages caused by his voluntary act or his omission to act when he should do so. Not only should an injunction defendant do nothing to enhance the damages, but it is his duty to do what he reasonably can to diminish them, or at least to use ordinary care to avoid injury." All three treatises cite McNevin v. Stoolman, 235 Ill. App. 449. In that case the court said:

"It was suggested by counsel for defendants, however, at the hearing on application for injunction, the bill was lacking in material averments to authorize the injunction order. There is, we think, much force in this suggestion and if pressed upon the attention of the court, or if a demurrer for want of averment of

sufficient facts to entitle complainant to injunction had been interposed, the court would have accorded it the consideration it rightly deserved. These are proper methods of resistance to such an order. Appellee ought to be in no position in a court of equity to demand damages when he was at fault in not interposing such proper resistance as would probably have controlled judicial discretion in his favor. Some purpose underlies the statutory requirement of notice. If notice was not designed to enable defendants to meet the supposed equity of the bill by affidavits nor by raising the question of the sufficiency of the bill, it would seem that in no case can damages be avoided unless sufficient time has been allowed to prepare an answer."

Section 8 of the Injunctions Act [Ill. Rev. Stats. ch. 69] provides: "Before an injunction shall issue to enjoin a judgment, the plaintiff shall give bond to the owner thereof, in double the amount of such judgment, with sufficient surety approved by the court or judge, conditioned for the payment of all moneys and costs due to the owner of the judgment . . . ." In the instant case the plaintiff in its bill of complaint prays, among other things, that the court issue an injunction *pendente lite* restraining and enjoining the defendants from enforcing the "judgment and writ of execution from the Municipal Court of Chicago." In a case where an injunction was sought under section 9 of the Injunctions Act, which section provides that the giving of a bond may be dispensed with, it was held in Berger v. Kosden, 3 Ill.App.2d 118, that where a party has been served with notice and is in court when an injunction is issued and fails to ask for a bond as a part of the terms upon which a temporary injunction is issued he cannot thereafter raise that point in a court of review.

■ ■ The instant case, where an injunction to stay the enforcement of a judgment was sought, was

controlled by section 8 of the Injunctions Act, which made the giving of a bond mandatory. Under the rule laid down in the McNevin case, the defendant should not be permitted to recover damages when he was at fault in not calling the attention of the court to the statute, which, if it had been done, would have undoubtedly caused the court to refuse to order the issuance of the injunction without requiring a bond. This rule is a salutary rule. If a party against whom an injunction is sought could stand by making no objection to the issuance of an injunction without bond, where the statute under which the injunction is being sought prohibits the issuance of such an injunction, and then subsequently recover damages for attorney's fees incurred in proceedings to dissolve the injunction, such practice could lead to abuses. The defendants argue that this rule should not be invoked since the Illinois courts take judicial notice of all Illinois statutes. Courts are presumed to know the law of their own sovereignty; however, as a practical matter it is incumbent upon counsel to call the attention of the court to a statute upon which he seeks to rely. Dean Wigmore, in Wigmore on Evidence, 3rd ed., vol. 9, Judicial Notice, sec. 2568a (b), in a note on page 538, quotes Baron Parke in Frost's Trial, Gurney's Rep. 168, as saying to counsel: " 'For the future, it would save time if, when you founded an objection upon an Act of Parliament, you had the Act here; for, though we are supposed to keep the statutes in our heads, we do not.' " In the case before us the defendants are seeking damages for attorney's fees expended in setting aside an erroneous order, the entry of which they could, or should, have prevented by calling the court's attention to the statute in question. In such a case the defendants must show that they are not culpable. The presumption that the court knew of the statute here could have no effect. If, as this court has

194

held in the Berger case, supra, the party enjoined in a case where the court would have a right to excuse the giving of a bond waives his right to object by failing to ask for it, then it would seem to be equally logical to say that the defendants here are prevented from recovering damages for attorney's fees expended in proceedings to set aside the injunction; and this is all the more true since in the motion for the assessment of damages the defendants alleged that they sustained damages because they became obligated to pay their attorney for services rendered by him and his associate "incident to opposition and objection to the entry of the order granting the preliminary injunction as aforesaid" and that such services included research of law. In the affidavit of the attorney attached to the motion the services rendered are itemized and they include services rendered on May 8, 1958, the day before the injunction order was entered, and those services are itemized as reviewing the "complaint, statute and research of precedents re same," together with the attendance of an associate counsel in court on the day the injunction was issued. The attorney in his testimony at the hearing to assess damages, in substantiating his contention that he should be remunerated for work done the day before the injunction was issued, says that his research of the law on that day as to whether the injunction could have properly issued was essential for his subsequent motion to dissolve the injunction.

The judgment of the Superior Court is reversed.

Judgment reversed.

DEMPSEY and SCHWARTZ, JJ., concur.