The Cromwell Paper Company, an Illinois Corporation,
Plaintiff-Appellant, v. Lester Wellman, d/b/a
Custom Equipment Service, et al., Defendants,
Central States Paper and Bag Company, Defend-
ant-Appellee.

Gen. No. 47,732.

First District, Second Division.
October 13, 1959.
Released for publication December 15, 1959.

Mayer, Friedlich, Spiess, Tierney, Brown, and Platt, of Chicago (Frank D. Mayer and Louis A. Kohn, of counsel) for plaintiff-appellant.

Thompson, Raymond, Mayer, Jenner, and Bloomstein, of Chicago (Prentice H. Marshall, Howard E. Kane, and Howard R. Barron, of counsel) for defendants-appellees.

PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Plaintiff appeals from a judgment for attorneys' fees, allowed to one of the defendants as damages incurred in the procurement of a partial dissolution of a temporary injunction.

Plaintiff contracted with defendant, Lester Wellman, for the construction of a paper bag machine, specially designed by Wellman for plaintiff. All patentable features were transferred to it. Thereafter, defendant Mueller Engineering & Manufacturing Company agreed with Wellman to construct the machine and deliver it to plaintiff. Wellman and Mueller completed the machine but refused to deliver it, and plaintiff was informed they were attempting to dispose of it to defendant Central States Paper and Bag Company, a competitor of plaintiff.

On February 21, 1958, plaintiff filed a complaint in chancery, seeking specific performance and to restrain Central States "from purchasing or otherwise taking possession or assuming control of said bag machine." On the same day, notice was served by mail on Central States, that attorneys for plaintiff would appear in court on February 24, 1958, and ask for "a temporary injunction in accordance with the prayer of the complaint filed this date, copy of which is herewith served on you." On February 25, 1958, the court ordered the issuance of a writ of injunction, restraining Central States from purchasing or using the machine and "from disclosing to others or using in any manner other than consistent with plaintiff's rights any ideas or information respecting said bag machine." On April 15, 1958, on motion of Central States, the court dissolved the "ideas or information" provision of the injunction order and writ.

After the partial dissolution of the injunction, and before final disposition of the case on its merits, Central States applied for damages under section 12 of the Injunction Act (Ill. Rev. Stat. 1957, Ch. 69), seeking $1750 attorneys' fees. The evidence shows services by three attorneys, approximating seventy hours, at an hourly rate of $25. Judgment was entered on December 30, 1958, in favor of Central States, for $1750, as "reasonable attorneys' fees incurred by said defendant in securing the dissolution of said injunction," and the trial court entered an order that there was no just reason to delay appeal from the judgment.

 Counsel fees may be assessed as damages necessarily incurred in procuring the dissolution of a wrongfully issued temporary injunction, if it was dissolved before the cause was heard on the merits for final judgment; the statute should be strictly construed and applied. (Schien v. City of Virden, 5 Ill.2d 494, 503 (1955).) Damages for partial dissolution of

266

■■■■■■■■■■■■■■■■■■■■

an injunction may be allowed on the same basis as upon full dissolution. (Walker v. Pritchard, 135 Ill. 103 (1890).) The assessment is made only for services performed exclusively on the motion to dissolve, and damages which are remote, speculative and incapable of ascertainment cannot be allowed. (R. M. C. Corp. v. Genco, Inc., 330 Ill. App. 192, 201 (1946).) Counsel fees unnecessarily incurred to obtain dissolution of a preliminary injunction should not be allowed. (Presbyterian Distribution Service v. Chicago Nat. Bank, 21 Ill.App.2d 188, 191 (1959).) Where the evidence makes no discrimination between services rendered in the case generally and services which were strictly necessary to procure the dissolution of the injunction, there is no evidence upon which the assessment can be based, and an allowance in such case cannot be sustained. Landis v. Wolf, 206 Ill. 392, 403 (1903); Nestor Johnson Mfg. Co. v. Goldblatt, 371 Ill. 570, 576 (1939).

We believe plaintiff's contention, that the testimony failed to adequately distinguish between legal services relating to the defense on the merits and those required on the motion to dissolve, is determinative.

The testimony shows that each attorney devoted substantial time in research on the legal sufficiency of the complaint, the adequacy of the notice and on trade secrets, and many hours of conference with his associates. The complaint requested no relief from Central States, beyond that it be restrained from purchasing or taking possession or control of the bag machine. The notice for temporary injunction rested entirely on the "prayer of the complaint."

We believe that much of the preparation, such as trade secrets research, stressed as being necessary to obtain a dissolution of the temporary injunction, amounted to a preparation of the case generally. This is borne out by the statement of Judge Dempsey, in

dissolving the restraint on the "ideas or information" part of the injunction, that the complaint and subsequent notice were inadequate for the inclusion of that part of the injunction. It is also supported by the evidence showing that the answer to the complaint was prepared, and a notice was served by mail for the taking of extensive depositions for general defense, all prior to the date of the partial dissolution. Central States admits: "Perhaps these youngsters in their zeal to perform their professional duties overlapped one another in their work in the broad field of trade secrets."

Moreover, during the argument over fees, in which the contention was made that the evidence made no discrimination between services rendered in the case generally and services which were strictly necessary to procure the partial dissolution of the injunction, the chancellor remarked: "The resultant time spent may be duplicated. That too, I cannot determine with exactness. . . . They are tied together in such a way that the Court cannot divide them. No one can divide them. . . . I cannot find any other way. I cannot divide."

█ If the chancellor was unable to make a clear distinction and finding as to the services necessarily incurred in the partial dissolution of the temporary injunction, a strict construction and application of the statute required the disallowance of the fees sought. (Leonard v. Pearce, 271 Ill. App. 428, 443 (1933).) We conclude the allowance of damages for attorneys' fees in this case cannot be sustained.

█ Where a cause is tried by the court without a jury, and all of the evidence is in the record, and where the parties have had the opportunity to present all of their evidence, as in the instant case, no useful purpose is served by remanding the matter to the trial court for a new trial. (Dayton Scale Co. v. Market

268

House Co., 335 Ill. 342.) Therefore, the judgment of the Circuit Court is reversed.

Reversed.

KILEY and LEWE, JJ., concur.

ON REHEARING.

In this case a rehearing was granted on the petition of the defendant-appellee, Central States Paper and Bag Company. Having considered the petition and the answer thereto, we have decided to adhere to our opinion filed October 13, 1959.

KILEY and LEWE, JJ., concur.