GILBERT VALLARTA, Plaintiff-Appellee, Cross-Appellant, *v.* LEE OPTICAL OF MISSOURI, INC., Defendant-Appellant, Cross-Appellee.

(No. 57135;

First District (2nd Division)—May 22, 1973.

Paul P. Preston, of Chicago, (Harry G. Fins, of counsel,) for appellant.

Morris D. Witney, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal and a cross-appeal from an order, entered on December 30, 1971, which awarded plaintiff the sum of $2900 as damages for breach of a contract of employment. Defendant's sole contention on appeal is that the judgment for plaintiff on the issues was contrary to the manifest weight of the evidence. Plaintiff's sole contention is that the trial court's assessment of damages was incorrect. These contentions require that we briefly review the evidence.

Plaintiff testified on his own behalf as follows: On April 10, 1968 he met with Emmet Guest and Gene Schanbaum, representatives of defendant, for the purpose of discussing a proposed contract of employment. Plaintiff was offered a position as district supervisor at a salary of $15,000 per annum plus one percent commission on sales at stores under plaintiff's responsibility. The employment relationship was to extend until the end of 1968. Plaintiff agreed to these terms and commenced employment on April 27, 1968. He underwent a period of orientation during April and May, managing the Mt. Prospect store and becoming acquainted with the responsibilities of a district supervisor. He was then assigned a district that encompassed six stores, each of which he visited once a week. His duties involved the hiring and firing, training and orientation of personnel and the monitoring of bookkeeping. Plaintiff discharged these duties until he was terminated on October 10, 1968. During the period of employment, he was paid a salary of $600 per month plus one and one-half percent commission on the sales of the Mt. Prospect store. The commission averaged $60 per month. On several occasions plaintiff complained to defendant's representatives about the variance between this compensation and that which he was promised.

However, he received no satisfaction. On October 19, 1968, after his termination, plaintiff secured a job as a dispensing optician with Almer Coe Optical Company at a salary of $800 per month.

On cross-examination plaintiff admitted that, prior to commencing employment with defendant, he completed and signed a written application for employment. This application, which was introduced into evidence by defendant, described plaintiff's position as "Mgr.-Optician" for the Mt. Prospect store and set compensation at $600 per month plus one percent commission. The application also reflected that plaintiff would be trained as an "area supervisor" and that he had held a prior position as a "Dispensing Optician" with Gate City Optical Co. at a salary of $150 per week plus commissions.

Defendant's sole witness was Emmet Guest, who testified as follows: At the time of trial he was a district supervisor for defendant, assigned to the state of Missouri. In April, 1968 he was also a district supervisor for defendant, with responsibilities for all Chicago area offices. In early April, 1968 he and Gene Schanbaum had a meeting with plaintiff to solicit plaintiff's interest in joining the firm. Salary was not discussed. After plaintiff expressed his interest, a second meeting was arranged between Guest and plaintiff to consummate the agreement. Plaintiff was told that he would initially be placed in charge of one office, but would be given additional responsibilities in time. Mr. Guest filled out the pertinent employment application, which reflected a salary for plaintiff of $600 per month plus one percent commission on the "bank deposits" of the Mt. Prospect store. Plaintiff read the forms, then signed them. He was never offered $15,000 per year; in fact the lesser rate of compensation was expressly discussed before the forms were signed. There was to be no definite term of employment.

Sidney Telson, a store manager for defendant, appeared as a rebuttal witness in plaintiff's behalf. He testified that, during 1968, plaintiff performed the duties of a district supervisor. He checked the witness's store regularly, and all sales records were mailed daily to plaintiff. Mr. Telson added that only district supervisors, not store managers, were called upon to travel among the stores. Plaintiff also appeared as a rebuttal witness and testified that, prior to working for defendant, he was employed by Gate City Optical Company at a salary of $800 per month. He submitted into evidence a check stub reflecting reimbursement from defendant for traveling expenses during 1968.

■■ Defendant's sole contention on appeal is that the finding of the trial court in favor of plaintiff was contrary to the manifest weight of the evidence. Broadly speaking, the case at bar presents an evidentiary conflict between the testimony of plaintiff, corroborated by limited docu-

mentary and other testimonial evidence, and the testimony of defendant's representative, corroborated by a written employment contract signed by plaintiff. Plaintiff's complaint alleged, and his theory has consistently remained, that on April 10, 1968 he was hired by defendant as a district supervisor at a salary of $1250 per month plus commissions from the six stores under his supervision. It was never suggested at trial that he was to receive a lower salary initially, later to progress to the higher salary, or that his later demonstrated competence resulted in a promotion and a raise. Plaintiff was thus obligated to prove by a preponderance of the evidence that his salary was, from the outset, to be $1250 plus commissions. The only evidence directly supporting this allegation was plaintiff's own testimony. Corroborating evidence was insubstantial. The fact that his prior job paid $150 per week plus commissions did not render it inherently illogical that plaintiff might accept a similar position with greater opportunity for advancement at a salary of $600 per month plus commissions. Plaintiff's rebuttal evidence merely supported his original testimony that he discharged the duties of a district supervisor following a brief period of orientation, a fact which defendant did not dispute. (In fact, defendant introduced into evidence the written contract which itself reflected that plaintiff would be trained as an "area supervisor.") Absent from plaintiff's case, however, was any evidence as to the customary salary of a district or area supervisor. Of even greater significance is the failure of plaintiff to reconcile his testimony with the express terms of the written contract, which he admittedly signed. No attempt was made to explain why he signed a contract reflecting a salary of $600 per month for a position as a "Manager-Optician" if, in fact, the agreement was for double that salary for a position of greater responsibility.

Defendant's testimonial evidence consisted of one witness, who specifically denied any oral contract of employment. Defendant's documentary evidence consisted of the written contract of employment, and related appendages, signed by plaintiff and defendant's representative.

■■ Ordinarily, plaintiff would be barred from contradicting the terms of the written contract by parol evidence. (I.L.P. Evidence § 255.) However, defendant did not object to this testimony at trial and has accordingly waived its right to assert the parol evidence rule on appeal. (*Tolbird v. Howard,* 43 Ill.2d 357, 253 N.E.2d 444; *Hercules Powder Co. v. Rowan,* 245 Ill.App. 291 293.) Although we must therefore consider plaintiff's testimony on appeal, its weight is nonetheless diminished by certain principles of evidence. Where contracting parties have reduced their agreement to writing, it is presumed that the writing expresses the mutual intention of the parties, and only by clear and convincing evi-

dence can this presumption be rebutted. (*Harley v. Magnolia Petroleum Co.*, 378 Ill. 19, 27, 37 N.E.2d 760.) Similarly, where there is a direct conflict in oral testimony, documentary evidence becomes of paramount importance and must be accorded greater weight than testimonial evidence. (*Welch v. Worsley*, 330 Ill. 172, 230-232, 161 N.E. 493; *Bishop v. Bucklen*, 322 Ill.App. 529, 54 N.E.2d 876, *rev'd on other grounds*, 390 Ill. 176, 60 N.E.2d 872.) In the case at bar, the best evidence of the parties' employment agreement was the written contract. Plaintiff's evidence was weak and largely uncorroborated. Under these circumstances we hold that the finding in favor of plaintiff was contrary to the manifest weight of the evidence.

In view of the foregoing disposition, there is no need to consider plaintiff's cross-appeal concerning assessment of damages.

■■ Pursuant to Supreme Court Rule 366 (Ill. Rev. Stat. 1971, ch. 110A, par. 366(a)(5)), this court, may, in its discretion enter any judgment or order, and grant any relief, which the case may require. Where a cause is tried by a court without a jury, and where the parties have had the opportunity to present all their evidence, as in the instant case, no useful purpose is served by remanding the matter to the trial court for a new trial. (*Dayton Scale Co. v. General Market House Co.*, 335 Ill. 342, 167 N.E. 100; *Cromwell Paper Co. v. Wellman*, 23 Ill.App.2d 263, 162 N.E.2d 500.) Therefore, the judgment of the trial court is reversed, and the cause is remanded with directions to enter judgment for defendant.

Reversed and remanded with directions to enter judgment for defendant.

LEIGHTON and HAYES, JJ., concur.