JOHN H. WALTER, JR., Plaintiff-Appellee, *v.* THE CITY OF WEST CHICAGO *et al.,* Defendants-Appellants.

Second District (2nd Division)    No. 75-293

Opinion filed June 16, 1976.

Robert Greenwalt, of Harold J. Spelman & Associates, of West Chicago, for appellants.

David S. Cochran and George A. Hesik, both of Downers Grove, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Du Page County denying the defendant's motion to vacate a preliminary injunction which

enjoined the City of West Chicago from interfering with plaintiff's operation of his business.

Plaintiff's business was located in an M-2 zoning district. The City cited the plaintiff for operating a "junk yard" in violation of the M-2 zoning and on November 22 and November 27, 1974, issued a stop order against him. Plaintiff contends that he is not operating a "junk yard" but is operating a "scrap metal" business which is allowed under the M-2 classification. According to the "Bill in Equity" filed by the plaintiff in this case he has been harassed by the City and threatened with arrest because of the continued operation of his business.

On March 3, 1975, at 9 a.m. plaintiff's attorney phoned the office of the city attorney of West Chicago and informed the city prosecutor—the city attorney not being present—that he intended to appear before the circuit court at 10 a.m. that morning to seek a "temporary injunction" against the City. A written notice filed with the court at the same time refers to the motion as being one for a temporary injunction. It is more or less agreed by the parties that such telephone notice was given and that the city prosecutor indicated he would not oppose the entry of the order, however, the City claims it was the understanding that the order would be a temporary restraining order. The plaintiff contends no mention was made in his telephone conversation with the prosecuting attorney of a temporary restraining order and he at all times intended to apply for a preliminary injunction, his motion for a "temporary injunction", being a mere technical error in nomenclature.

Previous to 1967 there was no classification of injunctions as to their duration, but in 1967 the injunction statute (Ill. Rev. Stat. 1967, ch. 69) was amended to provide in section 3 for "preliminary injunctions" and in section 3—1 for "temporary restraining orders." Both sections require notice to the adverse party "unless it clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon."

■■ Section 3—1 of the amended Act, designated "Temporary Restraining Order," provides, besides the requirement of notice or a showing of irreparable and imminent harm, that such restraining order *granted without notice*, shall expire by its terms within ten days after entry, unless extended for another ten days by the consent of the adverse party for good cause shown on the order of extension. This section also provides that if a temporary restraining order is issued "the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character." It provides further that "when the motion comes on for hearing the party who obtained the temporary restraining order shall

proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order." It is clear from this language that it is intended that a temporary restraining order must be of very short duration and if the restraining order is continued it must be by way of a preliminary injunction.

The plaintiff's motion, filed on March 3, 1975, was designated "Temporary Injunction" and the court's order used the same wording. Since the term "temporary injunction" is now obsolete (*Paddington Corp. v. Foremost Sales Promotions, Inc.*, 13 Ill. App. 3d 170) this court must determine whether the order issued was a temporary restraining order or a preliminary injunction. If the order was for a temporary restraining order it expired long ago and would have no force or effect at this time. Moreover, the City contends, even if the order is construed as a preliminary injunction, the result is the same, because no proper notice was given, hence the court had no power to issue the order in question and it was a void order.

After careful consideration we are not inclined to accept either argument advanced by the City. As to the order being merely a temporary restraining order, it is obviously not so by its language and the plaintiff contends such was not his intent. The order is not for a certain period of time but is to be effective "during the pendency of this case." More decisive, however, in considering the nature of the order in question is the City's own conduct. The order was issued March 3, 1975. The City claims it was the understanding that the order would be for a temporary restraining order but the City does not appear to have treated it as such. The City waited until March 25, 1975, to file any pleading in connection with this order and at that time did not take the position either that the order was in the form of a temporary restraining order or that it was void for lack of proper notice. Instead, on March 25, it filed an answer and at the same time a countercomplaint. In the answer the City stated that the plaintiff was indeed operating a junk yard, hence in violation of the City's zoning ordinance, therefore, its action in issuing an arrest warrant for the plaintiff and a stop order was a proper exercise of its power to stop an illegal business. It claims this did not constitute harassment. In the countercomplaint the City set forth as an exhibit its zoning ordinance, admitted its issuance of a stop order thereto, cited the plaintiff's disobedience of said order and asked the court to enjoin further violation of that order by the plaintiff.

On April 23, 1975, the plaintiff filed an answer to the countercomplaint and a request for production of certain City records. Thereafter on June 2 (a previous notice and motion apparently having been inadvertently left in the City's file), the City filed a motion to "Set Aside the Temporary Restraining Order Entered on March 3, 1975, for the following reasons":

(a) the petition for a restraining order was made without notice; (b) no temporary restraining order can be granted under the laws of the State of Illinois for a period of in excess of ten days, and (c) the injunction issued is illegal and this is an appropriate instance in which fees should be awarded to this petitioner.

It is clear from the wording of this motion that the City did not seek a hearing on the merits and we will consider the court's ruling denying the motion only on the technical grounds raised by the motion as to lack of notice and the expiration of the duration of a temporary restraining order.

■■ To begin with, it is not clear that the City had no notice. While the notice may have been inadequate the City *was* alerted (see *Skarpinski v. Veterans of Foreign Wars*, 343 Ill. App. 271) and agreed that an order might be entered. The parties disagree, of course, as to whether there was an understanding that the order would be for a temporary restraining order but clearly the City could have appeared and contested the entry of any order at all had it wished to do so. In other words, the City does not contend it was taken completely by surprise and that an order was entered which it had no chance to contest. Rather, the City contends it agreed to a certain form of order, but not to the order that was entered. If the City were to ask for a hearing as to whether the order was void on the ground of fraud or mistake this would be a reasonable ground for reconsideration by the court as to the validity of its order but the City did not do this. Instead, the City filed an answer and a countercomplaint, thus fully entering the case and contesting the case on its merits. While an order of court may be void *ab initio* for lack of due process, such as notice, a defect in notice can easily be waived and we believe it was waived here by answering on the merits and then filing a countercomplaint. See *People ex rel. Akin v. Jones*, 333 Ill. 382, 383, where the court said:

> "The objection to the notice was waived by the other two objections, which went to the merits. Where there is an appearance and defense is made to the merits, it makes no difference whether there was a defective notice or no notice at all."

To the same effect are *People v. Estep*, 6 Ill. 2d 127, and *Greer v. Ludwick*, 100 Ill. App. 2d 27, 40, where the court reiterated the familiar doctrine of the Illinois cases on this point:

> "Any action taken by a litigant which recognizes the case as being in court will amount to a general appearance unless such action was solely to object to the jurisdiction. *Widicus v. Southwestern Electric Cooperative*, 26 Ill. App. 2d 102, at 110."

■■ In any event, however, an injunction order issued without notice is not *per se* invalid. A preliminary injunction and a temporary restraining order can both properly be issued without notice where "it

clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon." (Ill. Rev. Stat. 1973, ch. 69, par. 3.) The plaintiff in this case alleged he was threatened with arrest, prevented from carrying on his business and was being subjected to disgrace and ridicule. The City in its answer admitted the acts alleged in the verified complaint and merely denied they amounted to harassment—a legal conclusion. Under the facts alleged by the plaintiff the court evidently considered that the exigencies existed which would justify issuing the injunctive order without the usual notice. In view of the allegations of the complaint the burden was on the City to establish that the existing exigencies were not such as to dispense with notice. This they did not attempt to do. Instead of moving to have the case set for a hearing on the merits as to whether the injunction should be continued or should be dissolved, either on the ground of lack of notice or on the merits of the zoning question, the City filed a motion based on the technical objections (1) that there was no proper notice before the injunction order was issued and (2) that the order issued was a temporary restraining order, hence had already expired and was no longer of any force and effect.

Since the statute allows the trial court some discretion to issue an injunction without notice and since the City had not controverted the existence of conditions which would excuse the giving of notice, the proper issue to be considered was whether or not the trial court abused its discretion. This issue, however, was not raised by the City's motion and its statement that "the restraining order was made without notice," even if such was the case, and even if the question of notice had not been waived, does not raise an issue which would determine the case.

■■ It is our opinion, therefore, that the question of proper notice before the issuance of the restraining order in question was waived by the City. Moreover, the City did not properly raise the validity of the court's order by merely stating that it was issued without notice. In view of the wording of the statute this does not necessarily render the order void.

The City's second contention raised in its motion is that the order in question was a mere temporary restraining order and therefore was effective for only ten days and is now without force and effect. As set forth above, we see no basis for this contention since the order was issued to be effective "during the pendency of this case." We note also that the City in its answer filed some three weeks after the order in question was issued, did not in any way refer to the order as being a temporary restraining order or question its duration. It would be unfair and arbitrary to render the order a nullity by designating it at this late date a temporary restraining order, long since expired. We hold that the order in question

was a preliminary injunction requiring notice except under exceptional circumstances but that the question of notice was waived by the City and the motion to quash the injunction issued on March 3, 1975, raised no determinative issue and was properly denied.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.