AMERICAN WAREHOUSING SERVICES, INC., Plaintiff-Appellee, v. HOWARD R. WEITZMAN *et al.*, Defendants-Appellants.

First District (5th Division)   No. 87—3338

Opinion filed April 29, 1988.—Rehearing denied May 25, 1988.

Berman, Roberts & Kelly, of Chicago (Edward A. Berman and Antonette C. Hue-Laitsch, of counsel), for appellants.

Michael A. Reiter and Gary E. Jackson, both of Holleb & Coff, of Chicago, for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal defendant Howard R. Weitzman contends that the trial court erred in denying his motion to dissolve a temporary restraining order. Plaintiff responds that the issues in this appeal have become moot. We affirm.

On October 2, 1987, plaintiff, American Warehousing Services, Inc. (AWS), filed a verified complaint for injunctive and other relief against defendants Howard R. Weitzman, Brian K. Flisk and Metropolitan Petroleum Company,[1] alleging tortious interference with business relations and conversion. The complaint also included a request for interpleader relief in connection with a dispute over rent. On the same day, AWS filed a motion for a temporary restraining order, supported by affidavits. Although the motion has not been made part of the record on appeal, the parties appear to agree as to the contents thereof.

AWS leased warehouse space from Weitzman, Flisk and Metropolitan Petroleum at 4800 South Central Avenue in Chicago, Illinois. On Wednesday, September 30, 1987, AWS gave Weitzman written notice of its intent to vacate the premises on or before October 31, 1987. Upon receipt of this notice, Weitzman and Flisk threatened to lock the gates to the premises and prevent AWS' customers from entering and exiting the leased premises unless the rent allegedly due was paid, thereby disrupting AWS' business operations. Previously, Weitzman and Flisk had seized certain property belonging to AWS, which they refused to return unless AWS paid the disputed rent. On Friday, October 2, 1987, Weitzman followed through with his threat by preventing certain trucks of AWS' customers from entering the premises, "because of a rent dispute."

AWS filed the lawsuit at 1:30 p.m., on Friday, October 2, 1987. Plaintiff's counsel called defendant Weitzman at that time and informed him that the case had been assigned to Judge Kiley and that AWS would request a temporary restraining order at 2 p.m. Approximately 15 to 20 minutes after this call, counsel called Weitzman again to inform him that Judge Shields would hear the case because Judge Kiley was not available. At 2 p.m., AWS presented the motion for a temporary restraining order to Judge Shields, who entered the following order:

> "NOW, THEREFORE, defendants, Howard R. Weitzman and Brian K. Flisk[,] their agents and all those acting with them or

---

[1] Defendants Flisk and Metropolitan Petroleum Company are not parties to this appeal.

at their direction[,] are hereby temporarily restrained from in any ma[nn]er whatsoever preventing trucks of customers of American Warehous[ing] Services, Inc., from entering or exiting American's premises at 4800 South Central Avenue, Chicago, Illinois, from harassing or 'slowing down' the movement of said trucks and from any other action which unlawfully interferes with the business of American Warehousing Services, [I]nc., or its customers at 4800 South Central Avenue, Chicago, Illinois."

Immediately after the temporary restraining order was entered plaintiff's counsel called Weitzman at 3:10 p.m. on October 2, 1987, and read the order to him verbatim.

On October 5, 1987, AWS filed an emergency motion to hold Weitzman in contempt for violating the temporary restraining order by locking the outer gates to the warehouse, placing obstacles in front of the loading docks and turning off the electricity. On October 8, 1987, Weitzman filed an answer to the motion for a restraining order and also a motion to vacate the order. On the same day, Judge Kiley extended the temporary restraining order to October 9, 1987. After a two-day evidentiary hearing on October 8 and 9, 1987, Weitzman was found in contempt of court on October 13, 1987. His motion to vacate that finding is still pending in the trial court.

As part of his October 13, 1987, order, Judge Kiley modified the temporary restraining order entered by Judge Shields on October 2, 1987, by requiring AWS to make a $25,000 "use and occupancy payment" to "4800 South Central Building Account" for the month of October 1987, without prejudice to the rent claims of the parties, to tender $2,000 to the clerk of the circuit court "as a bond to protect the defendants against the finding of any wrongful issuance of the Temporary Restraining Order herein" and to pay $6,000 to the clerk of the court for deposit in an interest bearing account in connection with AWS' interpleader claim. AWS fully complied with the terms of that order.

Weitzman's motion to dissolve the temporary restraining order was continued to October 15, 1987, at which time Judge Kiley denied the motion and continued the restraining order to October 26, 1987. Because AWS vacated defendants' premises late in October 1987, the temporary restraining order is no longer in effect, having been nullified by the circumstances of the parties and the passage of time.

OPINION

Initially, we reject AWS' contention that the issues in this appeal

have become moot because of the expiration of the temporary restraining order pending appeal.

■ A timely motion to dissolve preserves the question of damages under section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—110), for the wrongful issuance of a temporary restraining order (or preliminary injunction), even where the order expires by its own terms before it can be reviewed. (*Emerson Electric Co. v. Sherman* (1986), 150 Ill. App. 3d 832, 835-37, 502 N.E.2d 414; *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1148-50, 405 N.E.2d 1316.) And AWS admits that attorney fees reasonably incurred in obtaining dissolution of a temporary restraining order are recoverable damages under section 11—110. *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439, 343 N.E.2d 479; *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1981), 99 Ill. App. 3d 340, 343, 425 N.E.2d 550, *rev'd on other grounds* (1983), 94 Ill. 2d 535, 447 N.E.2d 288.

We also reject the contention of Weitzman on appeal that the temporary restraining order entered by Judge Shields on October 2, 1987, was void because the statutory requirement of a bond was neither met nor waived.

Section 11—103 of the Code of Civil Procedure provides in relevant part as follows:

> "The court in its discretion, may before entering a restraining order or a preliminary injunction, require the applicant to give bond in such sum, upon such condition and with such security as may be deemed proper by the court, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Ill. Rev. Stat. 1985, ch. 110, par. 11—103.

■ Weitzman posits that Judge Shields failed to exercise his discretion in not considering a bond. However, the temporary restraining order itself is silent on the question of a bond and we do not know whether AWS asked that bond be waived, because Weitzman has not included in the record on appeal either the motion for a temporary restraining order or the transcript of proceedings before Judge Shields on October 2, 1987. In the absence of a complete record, we cannot assume that error was committed. See *Jurco v. Stewart* (1982), 110 Ill. App. 3d 405, 410, 442 N.E.2d 633 (reviewing court unable to consider allegation that trial court erred in not requiring defendant to post bond prior to issuing temporary restraining order where the record did not disclose the factual basis on which the trial court made its decision).

■ Moreover, the question of whether to require a bond is one which rests in the sound discretion of the trial court (Ill. Rev. Stat. 1985, ch. 110, par. 11—103; *Aurora Steel Products v. United Steelworkers* (1981), 94 Ill. App. 3d 97, 103, 418 N.E.2d 492), and the refusal to require bond, even if erroneous, does not void the order (*Lums Restaurant Corp. v. Bloomington Restaurant Investments, Inc.* (1981), 92 Ill. App. 3d 1143, 1147, 416 N.E.2d 751).

■ Additionally, we note that where a temporary restraining order (or preliminary injunction) has been properly issued, any error in failing to require a bond or in setting an inadequate bond does not injure the party against whom the order is allowed, and the order will not be reversed simply because of the absence or inadequacy of bond. See *Drake v. Phillips* (1866), 40 Ill. 388, 392-93; *Bonner v. Westbound Records, Inc.* (1977), 49 Ill. App. 3d 543, 552, 364 N.E.2d 570; *Seay & Thomas, Inc. v. Kerr's Inc.* (1965), 58 Ill. App. 2d 391, 404, 208 N.E.2d 22; *General Electric Co. v. Local 997, United Automobile Workers of America* (1955), 8 Ill. App. 2d 154, 167, 130 N.E.2d 758.

Our research has disclosed only one case in which a preliminary injunction was reversed solely for lack of a bond. In *Redfield v. Lorimer-Lundquist Co.* (1912), 174 Ill. App. 547, the court found that the chancellor would have been justified in granting a preliminary injunction, under proper bond, restraining the defendant from prosecuting a lawsuit until further order of court, but held that he had erred in granting the injunction without bond. (174 Ill. App. at 555-56.) The order granting the injunction was reversed, and the cause was remanded to the chancellor with directions to enter the preliminary injunction requested by plaintiff upon his filing a bond in an amount sufficient to cover defendant's costs and damages in the event that the injunction was *thereafter* held to have been wrongfully issued. (174 Ill. App. at 557.) Defendant there was not entitled to damages merely because the preliminary injunction had been issued without bond.

■ Thus, it appears that if a party is aggrieved by the lack of a bond or the inadequacy of the bond posted, his remedy is to petition in the trial or reviewing court to require a bond in an amount sufficient to cover his potential damages should the preliminary injunction or restraining order later be found to have been wrongfully issued. See *Esperson v. Fox* (1913), 177 Ill. App. 141, 144-45.

Although it is questionable whether, under the circumstances of this case, Judge Shields should have required AWS to post a bond before issuing the temporary restraining order on October 2, 1987 (see *Brooks v. La Salle National Bank* (1973), 11 Ill. App. 3d 791, 799-

800, 298 N.E.2d 262; *Skelers v. Meyer* (1927), 246 Ill. App. 18, 21), we note that Judge Kiley, on October 13, 1987, modified that order by requiring AWS to post a $2,000 bond. Weitzman has not suggested that he has suffered any damages by reason of the restraining order other than the attorney fees he has incurred in attempting to dissolve it, nor has he argued that the bond set would be inadequate to cover those damages if it is determined that the order was improperly issued.

In an early decision, the Illinois Supreme Court held that where an injunction is dissolved on the ground of the insufficiency of the bond, and a new injunction is immediately requested, or if the original injunction is retained, and time is given in which to file a new bond, a suggestion of damages will not be allowed. (*Beauchamp v. Board of Supervisors of Kankakee County* (1867), 45 Ill. 274, 276-77.) We decline to follow the principal authority on which Weitzman relies for reversal, *Kessie v. Talcott* (1940), 305 Ill. App. 627, 633-34, 27 N.E.2d 857, which appears to set forth a contrary rule, but in doing so misinterprets the statute as requiring a bond "as a condition precedent to issuing a preliminary injunction," when, in fact, the requirement of a bond is discretionary.

Weitzman next argues that the temporary restraining order was void because it was too vague, broad and indefinite to be enforced. In our judgment, it is not necessary to reach this issue.

The order restrained Weitzman and Flisk, their agents and all those acting with them or at their direction: (1) from in any manner whatsoever preventing trucks of customers of American Warehousing Services, Inc., from entering or exiting American's premises at 4800 South Central Avenue, Chicago, Illinois; (2) from harassing or "slowing down" the movement of said trucks; and (3) from any other action which unlawfully interferes with the business of American Warehousing Services, Inc., or its customers at 4800 South Central Avenue, Chicago, Illinois.

Weitzman argues that the last two clauses of the foregoing order are impermissibly vague. (See *Streif v. Bovinette* (1980), 88 Ill. App. 3d 1079, 1084-85, 411 N.E.2d 341; *Illinois Power Co. v. Latham* (1973), 15 Ill. App. 3d 156, 164, 303 N.E.2d 448.) We note, however, that he does not make the same argument with respect to the first clause.

■■ ■ We recognize that under appropriate circumstances damages, including reasonable attorney fees, may be awarded upon the partial dissolution of a preliminary injunction. (See *Walker v. Pritchard* (1890), 135 Ill. 103, 106-09, 25 N.E. 573; *Cromwell Paper Co. v.*

*Wellman* (1959), 23 Ill. App. 2d 263, 266-67, 162 N.E.2d 500; *Willits v. Slocumb* (1887), 24 Ill. App. 484, 486.) Yet, it is clear that no such damages may be awarded unless it is possible to isolate those attorney fees necessarily incurred in obtaining dissolution of the objectionable portions of the injunction, from those incurred generally. (*Cromwell Paper Co. v. Wellman* (1959), 23 Ill. App. 2d 263, 267, 162 N.E.2d 500.) Where a motion is made to dissolve an injunction in its entirety, but only part of the injunction is determined to have been improperly entered, we do not believe that such an apportionment is possible. Accordingly, we need not decide whether the last two clauses of the temporary restraining order were impermissibly vague.

Finally, Weitzman argues that the temporary restraining order was void because of insufficient notice. We disagree.

Notice was given to Weitzman by telephone 30 minutes before the motion for a temporary restraining order was granted. Informal, telephonic notice has been recognized as sufficient notice. See *Northwest Suburban Congregation Beth Judea, Inc. v. Rosen* (1982), 103 Ill. App. 3d 1137, 1139, 432 N.E.2d 335 (four hours' notice); *Walter v. City of West Chicago* (1976), 39 Ill. App. 3d 297, 298-99, 349 N.E.2d 437 (one hour's notice).

■ Under the circumstances present here, where AWS was faced with an imminent disruption of its business operations, we are unable to conclude that the notice given was inadequate. Although Weitzman may not have had sufficient time to attend court because of the location of his business, he could have called his attorney and asked him to appear on his behalf before Judge Shields at 2 p.m. As the court stated in *Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill. App. 271, 275, 98 N.E.2d 858, "a telephone call *** to defendant or counsel can produce an appearance within a few minutes." We find that the restraining order was not void because of insufficient notice.

For the foregoing reasons, the order of the circuit court of Cook County denying the motion to dissolve the temporary restraining order is affirmed.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.