(No. 13849.—Judgment affirmed.)

Gustavus P. Norin, Appellee, *vs.* The Scheldt Manu-
facturing Company, Appellant.

*Opinion filed April 21, 1921.*

1. Malicious prosecution—*rule denying right of action for
damages for malicious prosecution of civil suit should not be ex-
tended.* The rule denying a right of action for damages for the
malicious prosecution of a civil suit without probable cause where
the process in the civil suit is by summons, only, and is not accom-
panied by the arrest of the person or seizure of the property or
other special injury, should not be extended to embrace such suits
as are in themselves unusual in their effect upon the defendant.

2. Same—*action for damages will lie for malicious prosecution
of bankruptcy proceeding.* An action for damages will lie for the
malicious prosecution of a bankruptcy proceeding even though no
trustee was appointed and no property taken from the defendant's
custody, where the defendant was not insolvent and where the peti-
tioner had no reason to believe the defendant was insolvent but
filed the petition because of bad feeling over a disputed account.

3. Same—*whether the petitioner acted on advice of counsel is a
question of fact.* Whether the petitioner in an involuntary bank-
ruptcy proceeding acted upon the advice of counsel is a question
of fact in a subsequent suit against him for damages for malicious
prosecution of the proceeding, and the judgment of the Appellate
Court on such question is final.

4. Same—*when suit for damages for malicious prosecution is
not barred by stipulation.* Where an involuntary petition for bank-
ruptcy is dismissed upon petitioner's admission that he is unable to
prove defendant's insolvency as alleged, a stipulation that no ex-
ception shall be taken to the ruling of the court and that the tes-
timony on the hearing shall not be written up does not bar a subse-
quent suit for damages for malicious prosecution of the proceeding.

Appeal from the Second Branch Appellate Court for
the First District;—heard in that court on appeal from
the Superior Court of Cook county; the Hon. Joseph B.
David, Judge, presiding.

Ward & Baldridge, for appellant.

E. W. Rice, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee sued the appellant, the Scheldt Manufacturing Company, in the superior court of Cook county to recover damages for malicious prosecution. He recovered a judgment for $750, which was affirmed by the Appellate Court. Owing to the legal question involved that court granted a certificate of importance, and the cause comes here on appeal.

It is charged in the declaration that appellant maliciously and without probable cause filed its petition against appellee in the United States district court praying that he be adjudged a bankrupt. It appears that summons was issued in that case, but the marshal failed to find appellee at the place given by appellant as his place of residence and the summons was returned "not found." Notice was then given by publication, and appellee failing to appear, he was defaulted and judgment declaring him to be a bankrupt entered against him. No receiver or trustee was appointed and no action taken, other than as herein stated, to reduce the property of the appellee to the possession of the bankruptcy court. It appears that appellee and Jacob T. Scheldt, the secretary-treasurer of appellant, had been acquainted for years. Both are residents of the city of Chicago, and Scheldt knew the place of residence of appellee but the same was incorrectly stated in his petition. Appellee, hearing of the foregoing proceedings after judgment was rendered against him, entered his appearance and moved to set aside the judgment and default and to set the cause for a new hearing. The motion was allowed. At the second hearing appellee denied insolvency and sustained his denial with proof. Appellant admitted that it was unable to prove that appellee was insolvent at the time of the filing of the petition in bankruptcy, and the petition was dismissed. It was stipulated between the parties that no exceptions should be taken to the ruling of the court and that the testimony

taken at the hearing should not be written up. Thereafter appellee brought this suit to recover damages for the malicious prosecution of the foregoing suit in bankruptcy.

It is contended by appellant that an action for malicious prosecution will not lie in this case even though the bankruptcy petition was filed without probable cause, for the reason that no property was seized in the bankruptcy proceedings and that appellee sustained no special injury not necessarily resulting in all suits prosecuted to recover for like causes of action; that even though the action would lie, appellee ought not to recover because appellant acted upon the advice of counsel in beginning the bankruptcy proceedings and in good faith believed there was probable cause for so doing; that the stipulation entered into at the time of the dismissal of the bankruptcy proceeding was a bar to appellee's action in the present suit.

The principal question involved here is whether or not the action for malicious prosecution will lie in this case. If the same rule is applied to malicious prosecution of an action on an involuntary petition in bankruptcy as obtains in the case of an ordinary civil action the question is no longer open in this State. In *Smith* v. *Michigan Buggy Co.* 175 Ill. 619, it was definitely held that an action for the malicious prosecution of a civil suit without probable cause will not lie where the process in the suit so prosecuted is by summons, only, and is not accompanied by the arrest of the person or seizure of the property, or other special injury is sustained not necessarily resulting in all suits prosecuted to recover for like causes of action. This rule was adhered to by this court in *Bonney* v. *King,* 201 Ill. 47. In the former of these cases the original cause of action upon which the suit for malicious prosecution was based was an action of trespass on the case for damages, while in the second the action was assumpsit. In *Lawrence* v. *Hagerman,* 56 Ill. 68, the original action on which the suit for malicious prosecution of a civil action was based

was the suing out of a writ or attachment. It was there held that the action for malicious prosecution would lie. In *Gorton* v. *Brown*, 27 Ill. 489, where the right to bring a suit for malicious prosecution of a civil action was denied, the original action upon which such suit was based was the issuance of an injunction. It was there held that the remedy lay on the injunction bond.

There have been no cases before this court where a comparison has been made between what is characterized as an ordinary civil action and a proceeding to declare a person a bankrupt. The case of *Liquid Carbonic Acid Manf. Co.* v. *Convert*, 186 Ill. 334, arose over a suit for malicious prosecution of an action to have the plaintiff in the suit under consideration adjudged insolvent under the laws of this State and for the appointment of a receiver to wind up its affairs as an insolvent corporation. Without discussing the question whether there is any distinction between an ordinary civil action and an involuntary petition for insolvency the opinion holds that *Smith* v. *Michigan Buggy Co. supra,* controls. It is also apparent from the statement of facts in that case that the declaration in the suit for malicious prosecution did not aver that the proceedings to have plaintiff declared insolvent were at an end. This is, of course, essential to the action for malicious prosecution, and the case could not be maintained in the absence of such showing. The cases referred to are the only ones coming before this court in which the right to maintain this action has arisen. As in none of them was there a discussion whether application of this rule should be made to a bankruptcy petition, that question is still open. *Liquid Carbonic Acid Manf. Co.* v. *Convert* contains no discussion of that question and is not controlling here. The question open for discussion and settlement is, therefore, whether or not there is a distinction to be drawn between an ordinary suit at law and a proceeding in bankruptcy in a case of the character of that here under consideration.

A suit instituted under the Bankruptcy law to have a citizen declared a bankrupt takes out of the hands of his creditors the ordinary remedial processes, suspends the ordinary right to sue which the creditor has and puts in place thereof a new and comprehensive remedy for the creditor, designed for the benefit of all creditors. (*Betton* v. *Valentine,* 1 Curt. 176; Brandenburg on Bankruptcy, sec. 12.) The term "bankruptcy," as defined by standard law dictionaries, means the status of a person who has been made the subject of the application of a bankruptcy law. Under an adjudication in bankruptcy all the property of the debtor becomes subject to the control of the court, so that the defendant in such proceeding is without power to dispose of his property or to engage in business in any way. As was said by the Supreme Court of the United States in *Mueller* v. *Nugent,* 184 U. S. 1: "The filing of the petition [in bankruptcy] is a *caveat* to all the world and in effect an attachment and injunction."

In an ordinary civil suit to recover money damages, whether it be in contract or tort, the business world recognizes that such suit may be filed for any one of many reasons, one of which is that the debtor is unable to pay; while a bankruptcy proceeding is filed on but one basis, and that is that the defendant is a bankrupt. While it is true that the Bankruptcy act provides that certain acts of the debtor, such as fraudulent concealment or disposition of his property, may be ground for declaring him a bankrupt though solvent, yet the whole basis of the action and the effect of adjudication of bankruptcy is to affect his status by declaring him insolvent and unable to pay. This is not the theory upon which a money judgment is sought in a civil suit. Such steps are taken to force payment, not on the theory that the defendant is unable to pay but rather the contrary. A petition in bankruptcy is *sui generis* and is most far-reaching and drastic in its effects. Whether the property of the bankrupt be actually seized or not, no prudent per-

son will buy from him or sell anything to him on credit, because all transactions between the bankrupt and third persons after the petition in bankruptcy has been filed are liable to be investigated, reviewed, set aside or controlled should there be an adjudication of bankruptcy. In *Wilkinson* v. *Goodfellow-Brooks Shoe Co.* 141 Fed. 218, decided by the United States circuit court of appeals, a bankruptcy proceeding is held not to be an ordinary civil suit. The effect of filing a petition for adjudication as a bankrupt has been described in *Bank* v. *Sherman,* 101 U. S. 403, as a proceeding whereby all the property rights of the debtor after the filing of the petition are practically in abeyance until final adjudication, and those who deal with his property in the interval do so at their peril. In *Stewart* v. *Sonneborn,* 98 U. S. 187, the power to throw a man into bankruptcy is referred to as one of great magnitude to be given to one man over another. In the case of *In re Moehs & Richnitzer,* 174 Fed. 165, it was held that though there is no liability for filing a petition in bankruptcy except for usual costs, yet when the petitioners have acted maliciously and without probable cause the remedy is a suit in the nature of a suit for malicious prosecution. To the same effect is *In re Terusaki,* 238 Fed. 934. In Cooley on Torts, (vol. 1, 3d ed. p. 345,) it is said: "In some cases an action may be maintained for malicious prosecution of a civil suit, but the authorities are not entirely agreed what cases to embrace within the rule. A case of malicious institution of proceedings in bankruptcy is undoubtedly one. If these are instituted maliciously and without probable cause and terminate without adjudication of bankruptcy, an action will lie for the damages sustained."

The courts in a large number of the States of the Union hold that an action for malicious prosecution will lie in an ordinary civil suit although that suit was begun by summons, only, and the party seeking recovery was not arrested and his property was not seized, where there is

want of probable cause. Such has been the holding in the States of Connecticut, New York, Minnesota, Kansas, Missouri, Kentucky, Colorado, Ohio, Louisiana, Michigan, Vermont, Massachusetts and California. This State, however, is committed to the opposite rule, so far as the malicious prosecution of an ordinary civil suit is concerned. Certainly the rule should not be extended beyond ordinary civil suits, to embrace those suits which are themselves unusual in their effect upon the defendant. To hold that a petition in bankruptcy is an ordinary civil suit such as is contemplated in the rule laid down in *Smith* v. *Michigan Buggy Co. supra,* would be to extend the rule announced, which we are of the opinion should not be done. By the malicious prosecution of bankruptcy proceedings in this case without probable cause the appellee suffered an injury for which he is entitled to recover damages in a court of law in an action for malicious prosecution. The record discloses a palpable want of probable cause for the prosecution of the bankruptcy proceedings. The officers of appellant had no reason to believe that appellee was insolvent. There evidently was bad feeling existing between appellee and Jacob T. Scheldt, secretary-treasurer of the appellant corporation, arising over a matter wholly foreign to the transactions involved in the bankruptcy proceedings. Appellee owed appellant an account the amount of which was in dispute, and appellee offered to put the full amount claimed by appellant in any bank, with instructions to pay appellant whatever was found due on the trial of their dispute in court. This was refused, and the petition in bankruptcy was filed after a threat on the part of appellant to do so if appellee did not pay the amount claimed by it.

It is argued that appellant acted on advice of counsel after laying the matter fully before him. This is a question of fact concerning which the jury, under instructions not complained of, found contrary to the contention of appellant and which has become settled by the finding of

the Appellate Court. The stipulation on file merely showed the bankruptcy proceedings at an end and did not affect the question whether the prosecution of such proceeding was malicious and without probable cause. The record clearly shows not only that the appellee was not insolvent but that appellant had no reason to believe that he was. It is very evidently a case of·malicious prosecution instituted through a feeling of malice which appellant's secretary-treasurer had against appellee.

The judgment is affirmed.          *Judgment affirmed.*