GREG HAMPTON, Plaintiff-Appellant, v. THE VILLAGE OF WASHBURN *et al.*, Defendants-Appellees.

Fourth District   No. 4—00—0225

Opinion filed November 16, 2000.

Nile J. Williamson, of Peoria, for appellant.

Clifford G. Kosoff and Julie A. Bruch, both of O'Halloran, Kosoff, Geitner & Cook, P.C., of Northbrook, for appellees.

JUSTICE GARMAN delivered the opinion of the court:

On December 18, 1998, plaintiff, Greg Hampton, filed a two-count complaint against the Village of Washburn (Village) and the mayor and trustees of the board of the Village (collectively, defendants) seeking relief under the Administrative Review Law (735 ILCS 5/3—101 through 3—113 (West 1998)) (count I) and Title 42, sections 1983 and 1988, of the United States Code (sections 1983 and 1988) (42 U.S.C. §§ 1983, 1988 (1994)) (count II) for his suspension from the Village police force. Defendants filed a motion to dismiss plaintiff's complaint in its entirety. On May 28, 1999, the court dismissed count I and various portions of count II and granted plaintiff leave to file an amended complaint (count III). After plaintiff filed an amended complaint, the court dismissed it pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1998)) and granted plaintiff leave to file another amended complaint, count III.

On November 9, 1999, plaintiff filed his second-amended count III pursuant to the Uniform Peace Officers' Disciplinary Act (Disciplinary Act) (50 ILCS 725/1 through 4 (West 1998)), the Right to Privacy in the Workplace Act (Privacy Act) (820 ILCS 55/1 through 20 (West 1998)), and sections 1983 and 1988. Defendants filed a motion to dismiss plaintiff's second-amended complaint, count III, pursuant to section 2—615 of the Code and a motion for sanctions. On January 31, 2000, the court denied the motion for sanctions but granted the motion to dismiss on four grounds: (1) plaintiff does not have a protectible property interest under section 1983 because the Disciplinary Act only grants procedural and not substantive rights; (2) the complaint·fails to allege a right under the Disciplinary Act; (3) the Disciplinary Act does not grant plaintiff the right to seek administrative review through the circuit court; and (4) plaintiff may not seek relief in the circuit court for a violation of the Privacy Act without first filing a complaint with the Illinois Department of Labor (Department). Thereupon, plaintiff moved for a special finding pursuant to Illinois Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) solely on the issue of whether he is required by the Privacy Act to file an investigatory complaint with the Department prior to proceeding with an action in the circuit court. The circuit court entered a Rule 304(a) finding as to this narrow issue. We affirm the circuit court's ruling.

## I. BACKGROUND

Plaintiff is employed by the Village as a full-time police officer. On

July 25, 1998, while off duty, plaintiff attended a party out of the jurisdiction of the Village, at which minors were present and consuming alcohol. Two days later, plaintiff voluntarily informed Police Chief Ron Renken of his participation in the social event, whereupon Renken issued a written reprimand and counseling session.

Subsequently, Kevin Berta, a minor who attended the party, filed a complaint with the Village alleging that plaintiff encouraged him to consume alcohol that evening. On October 19, 1999, defendants conducted an administrative hearing on the matter pursuant to the Disciplinary Act. 50 ILCS 725/1 *et seq.* (West 1998). Plaintiff testified that he observed approximately 15 to 20 minors at the party when he first arrived, but he was not aware if they were drinking at that time. Plaintiff consumed six or seven beers that evening. When he realized that underage drinking was taking place, he left the party as soon as possible. Plaintiff denied encouraging Berta to consume alcohol but did state that he spoke to Berta at one point during the evening.

Following the hearing, the Village Board voted to suspend plaintiff for two weeks without pay, and it placed him on probation for 90 days. Plaintiff commenced this action on December 18, 1998. Subsequently, in April 1999, plaintiff applied for a position as chief of police of the Village but was not hired. As stated above, plaintiff filed his amended complaint, count III, on November 9, 1998, pursuant to the Privacy Act, the Disciplinary Act, and Title 42, sections 1983 and 1988, of the United States Code. Specifically, plaintiff alleged that (1) defendants retaliated against him by denying him the chief of police position in violation of section 7 of the Disciplinary Act (50 ILCS 725/7 (West 1998)) because of his participation as a witness at the administrative hearing wherein he testified that he consumed alcoholic beverages at the July 25, 1998, party; and (2) that his statements were used by defendants in violation of section 5(a) of the Privacy Act (820 ILCS 55/5(a) (West 1998)), which prohibits an employer from disadvantaging an employee in the terms and conditions of his employment as a result of the lawful use of products off the premises of the employer during nonworking hours. Plaintiff's complaint seeks (1) an order reversing and remanding the Village board's decision in refusing to hire him for the chief of police position with directions that the Village hire him in that position with full back pay; (2) an order removing the disciplinary action from his file with full back pay; (3) compensatory damages; and (4) attorney fees and costs pursuant to section 1988.

The court granted defendants' section 2—615 motion to dismiss the second-amended complaint, count III, in its entirety. We review only the narrow issue of whether plaintiff is required by the Privacy Act to file an investigatory complaint with the Department prior to proceeding with an action in the circuit court.

## II. ANALYSIS

Plaintiff argues on appeal that the Privacy Act does not require him to first file a complaint with the Department. In deciding upon a section 2—615 motion to dismiss, we must determine whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424, 712 N.E.2d 330, 333 (1999). A court reviewing a section 2—615 motion to dismiss must apply the *de novo* standard of review. *Board of Directors*, 186 Ill. 2d at 424, 712 N.E.2d at 333.

To determine whether the Privacy Act requires plaintiff to first file an investigatory complaint with the Department, we begin with the language of the Act. The fundamental rule of statutory construction is to give effect to the intent of the legislature. *People v. Selby*, 298 Ill. App. 3d 605, 612, 698 N.E.2d 1102, 1107 (1998). This intent should be determined primarily by examining the plain and ordinary meaning of the statutory language. *Lucas v. Lakin*, 175 Ill. 2d 166, 171, 676 N.E.2d 637, 640 (1997). When the meaning of the statute is unclear from the language, we may look beyond the language and consider the purpose of the law, the evils the law was designed to remedy, and the legislative history of the statute. *In re B.C.*, 176 Ill. 2d 536, 542-43, 680 N.E.2d 1355, 1359 (1997).

■ The relevant portions of the Privacy Act are as follows:

"(a) The Director of Labor or his authorized representative shall administer and enforce the provisions of this Act. ***

(b) If an employee or applicant for employment alleges that he or she has been denied his or her rights under this Act, he or she may file a complaint with the Department of Labor. *** The Department shall attempt to resolve the complaint by conference, conciliation, or persuasion. If the complaint is not so resolved and the Department finds the employer or prospective employer has violated the Act, the Department may commence an action in the circuit court to enforce the provisions of this Act ***. ***

(c) *** [A]n employee or applicant for employment may commence an action in the circuit court to enforce the provisions of this Act, including actions to compel compliance, where efforts to resolve the employee's or applicant for employment's complaint concerning the violation by conference, conciliation[,] or persuasion under subsection (b) have failed and the Department has not commenced an action in circuit court to redress the violation." 820 ILCS 55/15 (West 1998).

■ Plaintiff argues that the use of the word "may" in subsection (b) above indicates that pursuing a complaint with the Department is

not mandatory or a prerequisite to filing an action in circuit court. He argues that the word "must" in a statute renders an action mandatory rather than discretionary. Generally, the use of the word "may" suggests a permissive rather than a mandatory reading. *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997). However, a statute should be read as a whole with all relevant parts considered. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990).

■ When read as a whole, the language of the Privacy Act strongly suggests that filing a complaint with the Department *is* mandatory. Subsection (b) authorizes the Department to resolve an employee complaint by "conference, conciliation, or persuasion." 820 ILCS 55/15(b) (West 1998). If the Department is unable to resolve a complaint in this way and it finds that a violation of the Privacy Act has occurred, then the Department may commence an action in circuit court. It is clear from subsection (c) that an employee has a private right of action in circuit court *only if* the Department has been unable to resolve the employee's complaint *and* the Department itself has failed to commence an action in circuit court. Consequently, the word "may" in subsection (b) merely signifies that, when an employee alleges that her rights under the Privacy Act have been denied, she *may take action* by filing a complaint with the Department. It does not mean that an employee has the discretion to file either a complaint with the Department or an action in circuit court.

Plaintiff relies on *Nagel v. Gerald Dennen & Co.* 272 Ill. App. 3d 516, 650 N.E.2d 547 (1995). In *Nagel*, the First District held that the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/11 (West 1992)) does not require a claimant to obtain an order or an initial determination of liability from the Department before he can bring an action in circuit court. *Nagel*, 272 Ill. App. 3d at 524, 650 N.E.2d at 553. Although both the Wage Act and the Privacy Act provide the Department with the authority to investigate and attempt to resolve claims brought before it (compare 820 ILCS 115/11(a) (West 1998), and 820 ILCS 55/15(b) (West 1998)) and both allow the Department to pursue claims in circuit court (compare 820 ILCS 115/11(c) (West 1998), and 820 ILCS 55/15(b) (West 1998)), plaintiff's reliance on the Wage Act and *Nagel* is misplaced. As the circuit court in this case found, the language of the Wage Act differs from the Privacy Act in that the former contains the statement, "[n]othing herein shall be construed to prevent any employee from making complaint or prosecuting his or her own claim for wages." 820 ILCS 115/11(c) (West 1998). The *Nagel* court found that the language of section 11(c) allows the claimant, as well as the Department, to proceed in the circuit court. *Nagel*, 272 Ill. App. 3d at 524, 650 N.E.2d at 553, citing *Miller*

*v. J.M. Jones Co.*, 198 Ill. App. 3d 151, 154, 555 N.E.2d 820, 822 (1990). The Privacy Act does not contain such language. We hold that the plain language of the Privacy Act mandates that an employee who alleges that his rights have been denied under the Act must first file an investigatory claim with the Department. If the Department fails to resolve the employee's claim and does not file suit in circuit court to redress a violation of the Act, only then can an employee commence an action in circuit court to enforce the provisions of the Act.

▪ Plaintiff urges this court to find that even if filing a complaint with the Department is mandatory, the requirement should be waived here. Plaintiff alleges that the "doctrine of waiver of exhaustion of administrative remedies" applies to this case. Specifically, plaintiff argues that, if he is required to file with the Department, he will not be entitled to certain preferred remedies and will endure a time delay.

Courts have waived a complainant's requirement to exhaust administrative remedies in certain unique and rare circumstances. See *Bowen v. City of New York*, 476 U.S. 467, 90 L. Ed. 2d 462, 106 S. Ct. 2022 (1986) (certain class claimants involved in a class action suit would be irreparably injured if exhaustion requirement was enforced); see also *Singh v. Reno*, 182 F.3d 504 (7th Cir. 1999) (alien's due process claim was not one that the Board of Immigration Appeals could deal with dispositively; therefore, alien was not required to exhaust administrative remedies). The case before us does not present such a rare or unique situation. We decline to find waiver of plaintiff's requirement to fully exhaust his administrative remedies through the Department.

### III. CONCLUSION

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

COOK, P.J., and McCULLOUGH, J., concur.