NO. 4-01-0950

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

RICHARD THOMAS,

          Plaintiff-Appellant,

          v.

DICK HILEMAN and EDWARD MASTERS,

          Defendants-Appellees.

)

)

)

)

)

)))

Appeal from

Circuit Court of

Livingston County

No. 01LM50

Honorable

Charles H. Frank,

Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

In June 2001, plaintiff, Richard Thomas, filed an amended complaint alleging malicious prosecution against defendants, Dick Hileman and Edward Masters.  The malicious prosecution action arose from a defamation action brought by Hileman, through Hileman's attorney, Masters, against Thomas.  See 
Hileman v. Thomas
, No. 4-00-0514 (December 5, 2000) (unpublished order under Supreme Court Rule 23).  In July 2001, defendants filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2000)), which the trial court treated as a motion to dismiss.  In October 2001, the trial court dismissed Thomas's amended complaint for failure to state a cause of action in malicious prosecution.

On appeal, Thomas argues that the trial court erred in dismissing his complaint, claiming that the complaint alleged sufficient facts to support a claim of malicious prosecution against defendants.  We affirm.

I. BACKGROUND

In 1999, defendant Dick Hileman ran for commissioner of the Village of Gardner.  In April 1999, Richard Thomas wrote a letter to the editor of the Gardner Chronicle newspaper, wherein he criticized Hileman's work as 
the business representative of the International Association of Machinists and Aerospace Workers (IAM)
 and urged Gardner residents not to vote for Hileman in his upcoming election.

In May 1999, after winning his election, Hileman filed a defamation action against Thomas (No. 99-L-35 (Cir. Ct. Livingston Co.)), alleging that the following statements in Thomas's letter to the editor were defamatory 
per
 
se
:

"'
However, in 1991, Hileman wholeheartedly endorsed a Pearl Harbor-like attack on the American Dream.  He aggressively supported an insidious [“]supplemental agreement[“] in early 1991 way prior to the expiration of 1989-1992 contract.  That supplemental agreement effectively sold-out A to Z the recalled workers and the next generation of Caterpillar workers.  Hileman unabashedly supported contractualizing the following unprecedented arrangement without a fight.

Hileman even had the unconscionable audacity to support cutting bereavement to new hires (contrast page 100 against page 233).  Is nothing sacred?  And the above four examples are but a few terms of a total A to Z sell-out!

Many times, I have seriously asked Mr. Hileman why he repeatedly supported such agreements?  Mr. Hileman, with a comical lack of sophistication, has always given a long-winded non-answer.  Sadly, I have never heard Hileman express any remorse for his misleadership.  If my words smack of being unforgiving, let me state that I have nothing personal against Hileman.  But any rhetorical black-eye given to Hileman is nothing compared to the economic bludgeoning my generation has been receiving since Dick pioneered low wages in 1991.

Every generation is charged with the duty of passing the torch burning at least as bright as they received it.  Hileman supported passing a wet match.  Consequently, cigar[-]chomping Dick Hileman's leadership legacy would most likely afford him a candidacy not for commissioner, but for economic pariah of Will County.  Indeed, Hileman supported the biggest bag over the head - kick in the economic crotch ever perpetrated from one generation to the next.'"

In March 2000, the trial court conducted a hearing on Thomas's motion to dismiss and dismissed the complaint with leave to amend, finding, in relevant part, that (1) the statements expressed in the letter to the editor are opinions, not statements of fact, and were, therefore, constitutionally protected; (2) the letter is nonactionable when read as a whole, applying the innocent construction rule and giving the words their natural and obvious meaning; and (3) plaintiff is a public figure and his fitness for the office of commissioner is thereby a matter of public or general interest and, accordingly, a conditional privilege attaches to the comments made.  In June 2000, Hileman appealed the trial court's dismissal to this court.  In December 2000, this court affirmed the trial court's dismissal.  
Hileman v. Thomas
, No. 4-00-0514 (December 5, 2000) (unpublished order under Supreme Court Rule 23).

In March 2001 at a hearing on his posttrial motion in case No. 99-L-35 (Cir. Ct. Livingston Co.), Thomas struck his request for Rule 137 sanctions (155 Ill. 2d R. 137).  The record does not indicate that any further action was taken on the original case.

In May 2001, Thomas filed a complaint in the instant case, No. 01-LM-50 (Cir. Ct. Livingston Co.), alleging malicious prosecution against Hileman and defendant Edward Masters stemming from the defamation action.  Thomas contended that Hileman's suit against him was brought maliciously and with the intent to silence Thomas's criticism of Hileman and that Masters, as Hileman's attorney, should have known that Hileman had no claim against Thomas and Hileman's motivation was malicious in nature.  Defendants filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code.  At the June 2001 hearing on defendants' motion, the trial court granted Thomas's request to file an amended complaint.

In June 2001, Thomas filed his first-amended complaint against Hileman and Masters for malicious prosecution, which made essentially the same allegations as the prior complaint.  In July 2001, defendants again filed a motion for judgment on the pleadings.  In September 2001, the trial court conducted a hearing on defendants' motion.  The court granted defendants' motion and dismissed Thomas's complaint with leave to amend within 14 days.  In October 2001, the court dismissed Thomas's cause of action for failure to state a cause of action in malicious prosecution after he failed to file an amended complaint.  Specifically, the trial judge found that the facts alleged failed to show a special injury as required in Illinois for a malicious prosecution claim.  This appeal followed.   

II. ANALYSIS

On appeal, Thomas argues that the trial court erred in dismissing his complaint.  Specifically, he contends that his amended complaint pleaded facts sufficient to show a special injury as an element of malicious prosecution, and, in the alternative, he advocates for this court’s adoption of the position in the Restatement (Second) of Torts.

In deciding upon a section 2-615 motion to dismiss, the trial court must determine whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted
 (
Hampton v. Village of Washburn
, 317 Ill. App. 3d 439, 442, 739 N.E.2d 1019, 1021 (2000)), and the factually sufficient allegations contained in the plaintiff's complaint must be taken as true (
Cult Awareness Network v. Church of Scientology International
, 177 Ill. 2d 267, 269, 685 N.E.2d 1347, 1349 (1997)).  A court reviewing a section 2-615 motion to dismiss must apply the 
de
 
novo
 standard of review.  
Hampton
, 317 Ill. App. 3d at 442, 739 N.E.2d at 1021.

A. Malicious Prosecution

An action for malicious prosecution is disfavored in Illinois.  
Cult Awareness
, 177 Ill. 2d at 286, 685 N.E.2d at 1357.  To state a cause of action for malicious prosecution, a plaintiff must allege that (1) the defendant brought the underlying suit maliciously and without probable cause, (2) the former action was terminated in his or her favor, and (3) some "special injury" or special damage beyond the usual expense, time, or annoyance in defending a lawsuit has been pleaded.  
Cult Awareness
, 177 Ill. 2d at 272, 685 N.E.2d at 1350.  In the present case, the trial judge ruled that Thomas failed to plead sufficient facts to show a "special injury" as a result of the former action.

Illinois jurisprudence has long required a "special injury" element to state a cause of action for malicious prosecution.  In one of the earliest discussions on this issue
, the supreme court, in 1898, examined whether malicious prosecution "will lie in such case in the absence of any interference with personal liberty and in the absence of any seizure of property."  
Smith v. Michigan Buggy Co.
, 175 Ill. 619, 624, 51 N.E. 569, 570 (1898).  The court held that without the arrest of the person, seizure of property, or some "other special injury," a cause of action in malicious prosecution will not lie.  
Smith
, 175 Ill. at 627, 51 N.E. at 571.  The court's decision was partly based on its belief that the courts are "open to every citizen; and every man has a right to come into a court of justice and claim what he deems to be his right without fear of being prosecuted for heavy damages
."  
Smith
, 175 Ill. at 628, 51 N.E. at 571.  The ordinary trouble and expense that arise from ordinary forms of legal controversy should be endured as an inevitable burden.  
Smith
, 175 Ill. at 629, 51 N.E. at 572.

Two decades later, the supreme court again addressed this issue in 
Norin v. Scheldt Manufacturing Co.
, 297 Ill. 521, 525, 130 N.E. 791, 792 (1921), wherein the supreme court concluded that a bankruptcy action could not be considered an ordinary civil suit based on its "far-reaching and drastic" 
effects.  A year later, in 
Shedd v. Patterson
, 302 Ill. 355, 134 N.E. 705 (1922), the court further discussed this issue.  In 
Shedd
, the plaintiff brought a malicious prosecution action against the defendant after the defendant filed nine lawsuits against the plaintiff, all relating to the same subject matter.  
Shedd
, 302 Ill. at 356, 134 N.E. at 705.  The appellate court found, based on its interpretation of 
Smith
 and 
Norin
,
 that a suit for malicious prosecution cannot be maintained when the former action is an ordinary civil suit.  
Shedd
, 302 Ill. at 358-59, 134 N.E. at 706.  However, the supreme court reversed and held that while courts are open to the public, it "affords no reason for requiring them to employ their time to the prejudice of other litigants and the public business, to enable a party whose rights have been finally and conclusively determined to harass the same party about the same thing
."  
Shedd
, 302 Ill. at 360, 134 N.E. at 707.

The supreme court relied on 
Shedd
 
when it faced the issue of special injury in 
Cult Awareness
.  In 
Cult Awareness
, the court found a common theme throughout its opinions, maintaining a proper balance between the societal interest in preventing harassing suits and in permitting the honest assertion of rights in court.  
Cult Awareness
, 177 Ill. 2d at 284, 685 N.E.2d at 1356.  The court there found the special-injury requirement satisfied where the defendant sued the plaintiff 21 times in multiple jurisdictions over a 17-month period of time because "[s]uch a sustained onslaught of litigation can hardly be deemed 'ordinary' if plaintiff can prove that the actions were brought without probable cause and with malice."  
Cult Awareness
, 177 Ill. 2d at 285, 685 N.E.2d at 1356.

In nearly all cases where Illinois courts have found a special injury to support a malicious prosecution suit, the nature of the underlying suit visited upon the plaintiff some quantifiable damage-causing characteristic.  
Levin v. King
, 271 Ill. App. 3d 728, 732, 648 N.E.2d 1108, 1111 (1995).  Thomas asserts that Hileman's suit caused a special injury in that it deprived him of his first amendment right of free speech.   In considering whether litigation is rendered "ordinary" or injuries are "special," the court's focus must properly rest upon the peculiar effect of the suit together with the remedy sought and not upon the subjective effect that the suit may have on the plaintiff.  
Levin
, 271 Ill. App. 3d at 733, 648 N.E.2d at 1112.

In 
Levin
, the plaintiff brought a malicious prosecution action after the defendant sued him for tortious interference with an advantageous business relationship.  The plaintiff argued that the defendant's lawsuit "'substantially chilled [his] exercise of his rights of free expression.'"  
Levin
, 271 Ill. App. 3d at 730, 648 N.E.2d at 1110.  He claimed special damages in the nature of the loss of his free speech rights.  
Levin
, 271 Ill. App. 3d at 730, 648 N.E.2d at 1110.  The First District found that 
although the plaintiff alleged his first amendment rights were chilled, the defendant had not sought any provisional remedy (as in the cases of injunction, attachment, or bankruptcy proceedings) such that the plaintiff's right to protest was denied.  The court found that apart from the defendant's alleged bad motive in filing the underlying suit, "there is absolutely nothing unusual about the characteristics of that suit which suggest it is anything but an ordinary civil suit."  
Levin
, 271 Ill. App. 3d at 733-34, 648 N.E.2d at 1112.  The court said that to find otherwise would mean "every unsuccessful civil action, no matter how pedestrian, could be the basis of a malicious prosecution suit by the mere assertion that a defendant's idiosyncratic injuries constituted special damages."  
Levin
, 271 Ill. App. 3d at 734, 648 N.E.2d at 1112.

 Thomas has alleged that Hileman's defamation suit chilled his first amendment right to free speech, and he specifically asserts that "the fundamental spirit of the [f]irst [a]mendment is being violated by a governmental official himself."  Thomas claims that such action by a public official is sufficient to cause special damages.  Concededly, Hileman's defamation action could have been brought with malice.  However,  like 
Levin
, the underlying suit is like any civil matter and does not seek anything out of the ordinary
 as to remedy.

We find the court's discussion in 
Levin
 persuasive. 
Hileman, in his complaint, solely sought money damages.  He did not seek any sort of remedy designed to prevent Thomas's right to protest.
  Moreover, the action itself did not chill Thomas's right to protest since
 Hileman did not file the defamation suit until after his election.  Thomas was free to criticize Hileman's candidacy through the election.
  Even after the election, Thomas remained free to criticize Hileman. 

Thomas argues that the ruling in 
Levin
 contemplated a finding of special injury under these circumstances.  Although the court in 
Levin
 did remark that its ruling was not meant to imply that no circumstances could exist under which the interference with a citizen's right of free expression could become the basis of malicious prosecution action (
Levin
, 271 Ill. App. 3d at 737, 648 N.E.2d at 1114), we conclude this is not the case.  Thomas has shown no injury or damage apart from the ordinary costs associated with defending a lawsuit.  To satisfy the special injury requirement, one must allege more than a voluntary decision not to protest as a result of the alleged wrongfully brought civil suit.  
Levin
, 271 Ill. App. 3d at 737, 648 N.E.2d at 1114.  Thomas has failed to allege any facts that indicate Hileman's action interfered with his exercise of his first amendment rights.  Therefore, the special-injury element has not been satisfied.

Alternatively, Thomas urges this court to abrogate the special-injury rule and adopt the position in sections 674 and 681 of the Restatement (Second) of Torts (Restatement (Second) of Torts §§
674, 681 (1977)), which 
does not require a special injury.  However, as a court of intermediate review, we decline to “overrule” our supreme court or to modify its decisions.  See 
Stopka v. Lesser
, 82 Ill. App. 3d 323, 326, 402 N.E.2d 781, 783 (1980).

B. Supreme Court Rule 137

One reason Illinois courts have declined to abolish the special-injury rule is that another remedy exists.  Supreme Court Rule 137 (155 Ill. 2d R. 137) provides redress for defendants in suits not well grounded in fact or law.  
Levin
, 271 Ill. App. 3d at 737, 648 N.E.2d at 1114.  Rule 137 requires all filed pleadings to be: 

"well grounded in fact and *** warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  155 Ill. 2d R. 137.

If a pleading is filed in violation of this rule, the trial court, upon motion or its own initiative, may impose sanctions, which may include an order to pay the other party's expenses incurred as a result of the pleading, including attorney fees.  155 Ill. 2d R. 137.  
The purpose of the rule is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions based upon unsupported allegations of fact or law.  It is not intended to simply penalize litigants for the lack of success; rather, its aim is to restrict litigants who plead frivolous or false matters without any basis in law.  
Fremarek v. John Hancock Mutual Life Insurance Co.
, 272 Ill. App. 3d 1067, 1074, 651 N.E.2d 601, 606 (1995).

Although conduct that would support a finding of sanctions under Rule 137 may well overlap with the elements necessary to support a finding of malicious prosecution, the two categories are nevertheless discrete and distinct.  
William J. Templeman Co. v. Liberty Mutual Insurance Co.
, 316 Ill. App. 3d 379, 382, 735 N.E.2d 669, 673 (2000).  The malicious prosecution requirement of a special injury is absent in a motion for Rule 137 sanctions.  
Templeman
, 316 Ill. App. 3d at 382, 735 N.E.2d at 673.  Rule 137 sanctions do not create a separate action, but instead must be brought within the same civil action in which the pleading was filed.  155 Ill. 2d R. 137.

In the case at bar, Thomas, during the course of the prior action, sought Rule 137 sanctions.  The record indicates that a motion was brought by Thomas's former counsel, but the request was withdrawn at the hearing.  The parties' briefs imply that said request was withdrawn as untimely.  Motions under Rule 137 must be brought within 30 days of the entry of final judgment.  155 Ill. 2d R. 137.  That Thomas's prior counsel may have failed to file a timely Rule 137 motion does not give Thomas a right to relief via a malicious prosecution action.

 
 
 
 III. CONCLUSION

For the reasons stated, we affirm the trial court’s judgment.

Affirmed.

COOK, J., concurs. 

STEIGMANN, J., specially concurs.

JUSTICE STEIGMANN, specially concurring:

Although I agree with the majority opinion in this case, I write separately because I conclude this court should impose sanctions under Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) against Thomas and his attorneys for bringing this appeal regarding attorney Masters.  

The underlying case in this litigation was a fairly routine defamation action that Masters brought on behalf of Hileman against Thomas.  Although that case was not successful, nothing about it remotely establishes any liability on Masters' part for having brought the case, and none of the pleadings in this malicious prosecution action come close to justifying Thomas's claim against Masters.  The "best" claim Thomas can make against Masters appears on page 26 of his initial brief, where he states as follows: 

"Defendant Masters must have known his client, a candidate and then public official, had no right to sue a citizen for writing a letter to the editor critical of him as a candidate.  In any event, such a determination is for the trier of fact."

This claim provides an insufficient basis for a malicious prosecution lawsuit against Masters, who simply brought a defamation action on behalf of his client.  Moreover, the claim is 
clearly
 insufficient to justify an appeal of the trial court's dismissal of Thomas's lawsuit.  

Rule 375(b) provides for sanctions for appeals which are "frivolous," which the rule further defines as "not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law."  155 Ill. 2d R. 375(b).  I view this appeal of the trial court's dismissal of Thomas's case against Masters as frivolous, and I conclude this court should impose sanctions for bringing this appeal upon either Thomas, his attorney, or both.